UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MICHAEL E. FRENCH,                  )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )   Case No. 5:11-cv-246
                                     )
WELLS FARGO ADVISORS, LLC,           )
                                     )
        Defendant.                   )

# ENTRY ORDER
# DENYING PLAINTIFF'S MOTIONS FOR
# RECONSIDERATION AND CERTIFICATION
(Docs. 7 & 10)

This matter comes before the court on the motion for reconsideration (Doc. 7) and motion for certification (Doc. 10) filed by Plaintiff Michael E. French. In his motion seeking reconsideration under Fed. R. Civ. P. 59(e),[1] Plaintiff argues that the court "mistakenly overlooked grounds why the Well Fargo arbitration clause is unenforceable under Vermont law because it prematurely foreclosed examination of them." (Doc. 7 at 1-2). In his motion for certification, Plaintiff asks the court to certify the question of the validity of the arbitration agreement to the Vermont Supreme Court.

Defendant Wells Fargo Advisors, LLC opposes both motions, arguing that Plaintiff fails to satisfy the strict standard for reconsideration and further arguing that certification is unavailable and inappropriate.

Plaintiff is represented by John L. Franco, Jr., Esq. Defendant is represented by Patricia M. Sabalis, Esq.

---

[1] The court addresses Plaintiff's motion as if filed under Fed. R. Civ. P. 60 which governs relief from a judgment or order rather than a motion pursuant to Rule 59(e) which "deals only with alteration or amendment of the original judgment in a case[.]" Fed. R. Civ. P. 59 advisory committee note 1946 amendment.

I.   **Procedural Background.**

On December 13, 2011, Defendant moved to compel arbitration of Plaintiff's wrongful termination claims in this matter and requested a stay. Plaintiff opposed arbitration and cited, as the sole grounds for his opposition, Defendant's failure to comply with the Federal Rules of Civil Procedure and Local Rules governing summary judgment motions. In response, Defendant argued those rules were not applicable. Plaintiff did not further respond and did not address any of the substantive arguments raised by Defendant in support of its request that arbitration be compelled. Plaintiff also did not address the issue of a stay.

On February 14, 2011, the court issued an Opinion and Order Granting Defendant's Motion to Compel Arbitration and Request for a Stay (Doc. 6). In doing so, the court noted that Plaintiff made no challenge to the validity or scope of the arbitration agreement but instead grounded his opposition solely on Defendant's alleged procedural noncompliance. The pending motions ensued.

II.  **Conclusions of Law and Analysis.**

A. **Whether Reconsideration is Warranted.**

As both parties point out, the standard for reconsideration in the Second Circuit is an exacting one. A motion for relief from a judgment is generally not favored and is granted only upon a showing of exceptional circumstances. *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (citing *United States v. Intl. Bhd. Of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Thus, "a motion to reconsider should not be granted when the moving party seeks solely to relitigate an issued already decided." *Id.*

In seeking reconsideration, Plaintiff neither cites "exceptional circumstances" nor points to "controlling decisions or data that the court overlooked." Rather, he argues reconsideration is warranted because the court erroneously and prematurely foreclosed

him from challenging the validity of the arbitration agreement by failing to give him "fair notice" that it would expect him to respond to the substantive arguments made by Defendant in seeking compelled arbitration.[2] In effect, Plaintiff seeks to impose upon the court the duty to provide prior notice of the grounds upon which it will decide a pending motion even if those grounds have been raised by one of the parties and are thus squarely before the court. Plaintiff cites no authority for this proposition and the court has found none. To the contrary, the Second Circuit imposes the burden to raise objections upon the party challenging arbitration, holding that "[a]rbitration is intended to be a process for the swift resolution of disputes, and parties endeavoring to resist arbitration must alert district courts promptly and fully to whatever claims they may have in opposition to arbitration and the evidentiary basis for such claims." *Manning v. Energy Conversion Devices, Inc.*, 833 F.2d 1096, 1103 (2d Cir. 1987); *see also Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 353, 358 (2d Cir. 1995) ("If the party seeking arbitration has substantiated the entitlement by a showing of evidentiary facts, the party opposing may not rest on denial but must submit evidentiary facts showing that there is a dispute of fact to be tried.").

In light of Plaintiff's affirmative obligation to promptly and fully raise all objections to arbitration, Plaintiff's decision to forego addressing Defendant's substantive arguments remains a purely tactical one. Relief from judgment is not available on this basis because "[m]ere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding mistake, inadvertence, surprise or excusable neglect[.]" *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986). Vermont law affords Plaintiff no greater relief. *See Wild v. Brooks*, 2004 VT 74, ¶ 20, 177 Vt. 171, 862 A.2d 225 (Rule

---

[2] Plaintiff claims that Defendant's December 30, 2011 Response was Plaintiff's first notice that Defendant did not agree that its motion to compel must comply with the procedural rules governing summary judgment. As noted, the court's Opinion and Order was issued on February 14, 2012. During the forty-five day period during which Plaintiff had notice that his procedural challenge was opposed, Plaintiff neither sought leave to further respond to Defendant's substantive arguments, nor did anything to alert the court that he intended to do so once his procedural challenge was resolved.

60(b) "does not operate to protect a party from freely made tactical decisions which in retrospect may seem ill advised.") (citation omitted).

Because Plaintiff has failed to satisfy the high standard for reconsideration, reconsideration must be denied. An examination of the arguments that Plaintiff seeks to present on reconsideration does not alter that conclusion.[3]

### B. Whether Certification Should be Ordered.

In a separate motion, Plaintiff asks this court to certify to the Vermont Supreme Court "the question of the validity of the arbitration agreement under Vermont law as applied to Mr. French's circumstances." (Doc. 10 at 1). He cites Rule 14 of the Vermont Rules of Appellate Procedure which provides in relevant part:

> The Vermont Supreme Court may answer a question of Vermont law certified to it by a court of the United States, if the answer may be determinative of an issue in pending litigation in the certifying court and there are no clear controlling precedents in the decisions of the Vermont Court. The Court in its discretion may decline to answer any question certified to it and need not state reasons for its action.

Vt. R. App. P. 14(a).

Certification is not available where, as here, reconsideration has been denied and there is no issue to be certified. Were the court to retain the authority to order certification, this case does not present circumstances in which it would be appropriate.

---

[3] Plaintiff argues that if given the opportunity, he would challenge the arbitration agreement as unconscionable because he would be "confronted with paying $7,375 in arbitration fees even for a single day arbitration hearing" (Doc. 7 at 4) based upon the $100,000 to $500,000 he is seeking in damages in this lawsuit. He contends that his only current source of income is unemployment benefits and he has a negative net worth. As a result, he argues it would be unfair to require him to share arbitration costs in the circumstances of this case although he notes that if there is an inability to pay, certain arbitration costs may be waived while others are at the discretion of the arbitration panel. Plaintiff does not explain why his inability to pay cannot be presented to the arbitration panel as grounds for relief. In his reply memorandum, Plaintiff extends his argument to a claim that "[a]rbitration agreements are in derogation of access to the courts" (Doc. 9 at 1), that his constitutional rights may be imperiled, and the Vermont Supreme Court should decide the validity of the arbitration agreement here. Each of these arguments could and should have been raised previously. *See Warren v. City of New York*, 2010 WL 2026502 (E.D.N.Y. May 19, 2010), at *1 ("Quite simply, this is a new argument that was not raised previously, and the Court declines to accept it as a basis for reconsideration.").

4

There is sufficient and recent guidance from the Vermont Supreme Court regarding when an arbitration agreement may be rendered unenforceable based upon unconscionable terms. *See Glassford v. BrickKicker*, 2011 VT 118, 35 A.3d 1044. Plaintiff acknowledges that the instant case "is not as draconian as that in *BrickKicker*," (Doc. 7 at 4) and further concedes that under FINRA Rule 13900 the filing fee may be waived and under FINRA Rule 13902 the allocation of hearing session fees is not automatic but is decided by the arbitration panel (Doc. 7 at 5). Accordingly, he tacitly concedes that it cannot be determined at this time whether arbitration in his case will be prohibitively expensive. He also does not explain why existing Vermont law would be insufficient to guide this court in deciding that issue had it been properly raised. *See McCarthy v. Olin Corp.*, 119 F.3d 148, 153 (2d Cir. 1997) (ruling certification is proper "only when there is a split of authority on the issue, where [a] statute's plain language does not indicate the answer, or when presented with a complex question of [ ] common law for which no [state] authority can be found[.]").

Moreover, Plaintiff does not seek certification of an undecided or complex question of Vermont law that is likely to recur in the future. Instead, he effectively asks the Vermont Supreme Court to decide this very case: "the question of the validity of the arbitration agreement under Vermont law as applied to Mr. French's circumstances." (Doc. 10 at 1). This mixed question of law and fact is not appropriate for certification as it would presumably entail an evidentiary hearing before the Vermont Supreme Court to determine whether an otherwise valid arbitration agreement is unconscionable if enforced in light of Plaintiff's particular financial circumstances which developed after the parties agreed to arbitration.

Finally, federal law strongly supports a swift determination of requests to arbitrate and the Federal Arbitration Act, 9 U.S.C. §§ 1-16, "requires the federal courts to enforce arbitration agreements, reflecting Congress' recognition that arbitration is to be encouraged as a means of reducing the costs and delays associated with litigation." *Vera v. Saks & Co.*, 335 F.3d 109, 116 (2d Cir. 2003) (quoting *Deloitte Noraudit A/S v. Deloitte Haskins & Sells, United States*, 9 F.3d 1060, 1063 (2d Cir. 1993)); *see also*

*David L. Threlkeld & Co., Inc., v. Metallgesellschaft Ltd.*, 923 F.2d 245, 248 (2d Cir. 1991) ("[F]ederal policy strongly favors arbitration as an alternative dispute resolution process."). Federal law further requires that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Against this backdrop, the court cannot find that comity, judicial economy, or fairness weigh in favor of revisiting the underlying dispute and then forwarding it to the Vermont Supreme Court for its own resolution which may or may not be forthcoming.

## CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's motion for reconsideration (Doc. 7) and motion for certification (Doc. 10).

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 28th day of March, 2012.

Christina Reiss, Chief Judge
United States District Court